**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**BECKLEY DIVISION**

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                           CRIMINAL ACTION NO. 5:06-cr-00164-02

TARA LEE MORGAN,

        Defendant.

**MEMORANDUM OPINION AND ORDER**

Before the Court are: (1) the Government's Motion to Seal its Motion to Reduce Sentence Pursuant to Rule 35 [Docket 88];[1] (2) the Government's Motion to Seal its Memorandum in Support of its Motion to Reduce Sentence [Docket 94]; and (3) Defendant's Motion to Seal the Testimony of Officer Steven Todd Frye, which was made on the record at the motions hearing held on March 31, 2008. For the reasons stated below, the pending motions are **DENIED**, and all of the documents are **ORDERED** unsealed.

*I. BACKGROUND*

On September 25, 2006, Defendant entered a plea of guilty to aiding and abetting the distribution of cocaine base in violation of 21 U.S.C. § 841(a)(1). The Court sentenced her to a term of imprisonment of 87 months on January 11, 2007. Thereafter, the Government filed a timely motion to reduce Defendant's sentence pursuant to Fed. R. Crim. P. 35, representing that she

---

[1] The Court previously granted the Government's motion and permitted its documents to be filed under seal but notified the parties that it would take the matter under further advisement.

provided substantial assistance to the United States in the investigation and prosecution of other persons who have committed offenses.

The Court originally scheduled a hearing on the Rule 35 motion for February 11, 2008. However, because the United States Sentencing Guidelines were amended to reduce by two levels the guidelines in § 2D1.1 for cocaine base, and because the Sentencing Commission amended § 1B1.10 of the guidelines to make the amendment retroactive, effective March 3, 2008, the Court continued the Rule 35 motion hearing to allow the probation officer to prepare a recommendation regarding any potential guidelines reduction. The probation officer submitted her recommendation to the Court on March 21, 2008, and the Court held a hearing to address both the guidelines amendment and the Rule 35 motion on March 31, 2008.

At the hearing, the Court found that Defendant was entitled to the guidelines reduction pursuant to 18 U.S.C. § 3582, treated her case as expedited, and re-sentenced her to a term of imprisonment of 70 months. The Court then addressed the Government's motion to reduce Defendant's sentence.

Prior to addressing the merits of the motion, because the Government filed both the motion and accompanying memorandum under seal, the Court inquired as to whether the parties wished to proceed *in camera* regarding the extent of Defendant's assistance. As grounds for sealing both documents, the Government stated that such action was necessary "to ensure the safety of the defendant." (Dockets 88, 94 at 1.) The Government gave no other reasons for its requests in the motions, but did state in the accompanying memorandum that although the Government is unaware of any direct threats to Defendant, "the main target in the investigation is very violent and for that reason its has been difficult for authorities to obtain cooperation." (Docket 94-2 at 4.) At the

hearing, Defendant informed the Court that she joined the Government's motions to seal, and requested that if the Court were to inquire as to the extent of Defendant's assistance, then an *in camera* hearing would be appropriate for her safety and in order not to prejudice or expose an ongoing investigation.[2]

To better understand the factual reasons for closure and the assistance rendered by Defendant, the Court granted Defendant's request. However, the Court informed the parties that the Court would determine whether to keep the testimony sealed after hearing the evidence. The Government objected to the Court's ruling, and stated that it felt obligated to do so in accord with Department of Justice policy. Ironically, the Government argued that while its motion and memorandum should be sealed, the proceeding itself should not.[3]

In support of the Government's motion for substantial assistance, and to establish her reasons for closure, Defendant called Officer Steven Todd Frye. Officer Frye, who is currently assigned to the drug task force with the Covington Police Department in Covington, Virginia, testified that Defendant's work with him resulted in one indictment and may eventually result in the arrest of a "major drug dealer" in the Covington area who has successfully eluded law enforcement. Apparently, Defendant's work has also resulted in the use of another valuable informant. When asked by Defendant whether the major drug dealer is "someone who would hurt somebody[,]" Officer Frye responded in the affirmative and said everyone in Covington is "scared to death" of him. (Tr. 12-13.) The Court requested that Officer Frye expand on that statement, to which he responded that this individual "has not done anything physically to anyone[,]" but noted that others

---

[2] The Government made no mention of the need to seal based on an ongoing criminal investigation.

[3] These positions are completely at odds with one another.

will not cooperate with police out of fear of retaliation. (*Id*. at 20.) Officer Frye indicated that, to his knowledge, this major drug dealer has never been charged with any violent offenses and has never perpetrated or directed any violent acts.

After hearing the officer's testimony, the Court reconvened in open court and, for the reasons stated on the record, reduced Defendant's sentence from 70 months to 33 months. Thus, the only issue pending before the Court is whether the Government's Rule 35 motion, memorandum in support, and the testimony of Officer Frye should remain under seal.

## II. APPLICABLE LAW

"The right of public access to documents or materials filed in a district court derives from two independent sources: the common law and the First Amendment." *Va. Dep't of State Police v. Wash. Post*, 386 F.3d 567, 575 (4th Cir. 2004) (citing *Stone v. University of Md. Med. Sys. Corp.*, 855 F.2d 178, 180 (4th Cir. 1988)). "The common law does not afford as much substantive protection to the interests of the press and public as the First Amendment does." *In re Wash. Post Co.*, 807 F.2d 383, 390 (4th Cir. 1986). "Regardless of whether the right of access arises from the First Amendment or the common law, it may be abrogated only in *unusual circumstances*." *Va. Dep't of State Police*, 386 F.3d at 576 (emphasis added and internal quotation marks and citation omitted).

"When the First Amendment provides a right of access, a district court may restrict access '*only on the basis of a compelling governmental interest, and only if the denial is narrowly tailored to serve that interest*.'" *Va. Dep't of State Police,* 386 F.3d at 575 (quoting *Stone*, 855 F.2d at 180) (emphasis added). "The burden to overcome a First Amendment right of access rests on the party seeking to restrict access, and that party must present specific reasons in support of its position."

*Id.* (citing *Press-Enter. Co. v. Superior Court* (*Press Enter. II*), 478 U.S. 1, 15 (1986) ("The First Amendment right of access cannot be overcome by [a] conclusory assertion[.]")).

The Fourth Circuit has held that "the First Amendment right of access applies to documents filed in connection with plea hearings and sentencing hearings in criminal cases, as well as to the hearings themselves." *In re Wash. Post Co.*, 807 F.2d at 391. Naturally, this includes testimony given during a sentencing hearing. *Id.* at 389, 391; *United States v. Santarelli*, 729 F.2d 1388, 1390 (11th Cir. 1984) ("[T]he public has a First Amendment right to see and hear that which is admitted into evidence in a public sentencing hearing."). In addition, other courts have held that a motion to reduce sentence pursuant to Rule 35 is analyzed under the more stringent standard of the First Amendment. *See, e.g., United States v. Raybould*, 130 F. Supp. 2d 829, 833 (N.D. Tex. 2000); *see also CBS, Inc. v. U.S. Dist. Court for the Cent. Dist. of Cal.*, 765 F.2d 823, 826 (9th Cir. 1985). Accordingly, all of the materials at issue in this case are analyzed under the First Amendment. *See Va. Dep't of State Police,* 386 F.3d at 576 ("district court[s] first 'must determine the source of the right of access with respect to each document[]'").

Simply being under the purview of the First Amendment, however, does not entitle the press and public to access in every case. "Access may be denied if 'closure is essential to preserve higher values and is narrowly tailored to serve that interest.'" *In re Wash. Post Co.*, 807 F.2d at 391. (quoting *Press-Enter. Co. v. Superior Court* (*Press Enter. I*), 464 U.S. 501, 510 (1984)). In making this determination, a court must comply with certain procedural requirements.

> First, the district court must give the public adequate notice that the closure of a hearing or the sealing of documents may be ordered. In particular, closure motions must be docketed reasonably in advance of their disposition so as to give the public and press an opportunity to intervene and present their objections to the court. Moreover, although individual notice is generally not necessary, when the district court has been made aware of the desire of specific members of the public to be

5

> present, reasonable steps to afford them an opportunity to submit their views should be taken before closure. Second, the district court must provide interested persons an opportunity to object to the request before the court ma[kes] its decision. Third, if the district court decides to close a hearing or seal documents, it must state its reasons on the record, supported by specific findings. Its findings must be specific enough to enable the reviewing court to determine whether closure was proper. In addition, the court must state its reasons for rejecting alternatives to closure. The Supreme Court has added the weight of its authority to some of these requirements: although the Court has not addressed the question of notice, it has held that a district court's closure order must be supported by a clear statement of reasons, with specific findings, including a discussion of possible alternatives considered and rejected by the court.

*In re Wash. Post Co.*, 807 F.2d at 390-91 (quotation marks and citations omitted). Only after following these requirements, and only after the party seeking to restrict access has overcome its burden, may a court deny the public access to judicial documents.

As mentioned above, to overcome the presumption of openness in a criminal case, a compelling governmental interest must be shown. *Va. Dep't of State Police,* 386 F.3d at 575. "Compelling interests may include the defendant's right to a fair trial, privacy interests of the defendant, victims or other persons, the integrity of significant [government] activities entitled to confidentiality, such as ongoing undercover investigations or detection devices, and danger to persons or property."[4] *United States v. Doe*, 63 F.3d 121, 128 (2d Cir. 1995) (internal quotation marks and citations omitted); *see also United States v. Kushner*, 349 F. Supp. 2d 892, 905 n.13 (D.N.J. 2005) ("[T]he Government is permitted to excise all material that may compromise ongoing investigations and the like.").

---

[4] Although it is unclear whether the existence of an ongoing investigation should always justify closure of documents or proceedings related to that investigation, the existence of such an investigation requires a balancing of the government's interest in continuing its investigation against the interest in having the material opened to the press and public. *Media Gen. Operations, Inc. v. Buchanan*, 417 F.3d 424, 430-31 (4th Cir. 2005).

Specifically addressing the interests at issue in this case, in *United States v. Raybould*, 130 F. Supp. 2d 829, 831 (N.D. Tex. 2000), the district court denied the government's motion to seal a Rule 35 motion where no specific facts were alleged in support of the motion and where the reasons proffered by the government were conclusory. For example, in its motion, the government asserted that "sealing [was] necessary . . . to protect the integrity and success of an ongoing investigation, . . . to protect the safety of the cooperating individual, and . . . to . . . encourage the cooperation of individuals in the future." *Id*. Based on these generalities, the court found that the government "failed to allege, much less make a showing of, any facts that would overcome [the presumption in favor of public access to records and proceedings related to departures from the sentencing guidelines]." *Id*. at 833. In denying the government's motion, the court noted that in some cases there may be reasons where a downward departure motion should sealed, but the court affirmed that those reasons must "be articulated in detail, based on allegations of specific facts, not generalities and conclusions, and would require that the facts upon which the motion to seal [were] based be verified by the affidavit or declaration of a person or persons having personal knowledge of the facts." *Id*.

With these principles in mind, the Court will address the parties' requests to maintain the Government's Rule 35 motion, memorandum in support, and Officer Frye's testimony under seal.

### III. ANALYSIS

The reasons given by the Government in its motions to seal do not provide the requisite justification needed to overcome the presumption of openness. In order for the Court to comply with the procedural requirements established by the Fourth Circuit, the Court must state its reasons for sealing the Government's filings and support those reasons with specific findings. *In re Wash. Post.*

7

*Co.*, 807 F.2d at 390-91. The Court's discussion must be specific enough for the reviewing court to determine whether closure was proper. *Id.* Given the Government's lack of factual development in its motions to seal, the Court has no basis to state adequately its grounds for closure. The assertion "to ensure the safety of the defendant" is analogous to the conclusory statements proffered to the court in *Raybould*. "The First Amendment right of access cannot be overcome by [a] conclusory assertion." *Press Enter. II*, 478 U.S. at 15. Accordingly, based on the information contained in the motions to seal, like the court held in *Raybould*, the Government's request is **DENIED**.[5] However, because Defendant joins in those motions and has proffered more evidence in support of them, the Court must also address closure based on her arguments.

Like the Government, Defendant also fails to meet her burden. *United States v. Doe*, 63 F.3d 121, 130 (2d Cir. 1995) ("[T]he burden of establishing a substantial probability of danger rests squarely on the shoulders of the movant."). Officer Frye's testimony does not "support an inference of a substantial probability of danger[.]" *Id.*; *see also United States v. Scarpelli*, 713 F. Supp. 1144, 1145-46 n.2 (N.D. Ill 1989) (closing a pretrial suppression hearing to protect the defendant from "*Godfather*-style retribution"). When asked about the propensity toward violence of this "major drug dealer," Officer Frye relied solely on the individual's reputation in the community and the fact

---

[5] Although not in support of the motions to seal, in the Government's memorandum in support of its Rule 35 motion, under the factor "Injury Suffered, or any Danger or Risk of Injury to the Defendant or his Family Resulting from his Assistance," the Government states: "The agent who worked with the defendant admitted that the main target in the investigation is very violent and for that reason it has been difficult for authorities to obtain cooperation. The [Government] is not aware of any direct threats to the defendant." (Docket 94-2.) Even if this were offered in support of the motions to seal, there are no specific factual allegations. "Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not support a good cause showing." *United States v. Hirsh*, No. 03-58, 2007 U.S. Dist. LEXIS 45485, at *10 (E.D. Pa. June 22, 2007) (internal quotation marks omitted). Thus, even considering this information as a basis for the Government's motions to seal, the Government does not meet its burden.

that no other person has been able to get close enough to him to help law enforcement in making an arrest. Although the lack of a direct threat may be attributed to the fact that Defendant has been kept confidential, *United States v. De Los Santos*, 810 F.2d 1326, 1334 (5th Cir. 1987), there does not appear to be any specific facts to support Defendant's argument. Without more than the reputation of this individual's propensity toward violence among the community, the Court cannot say that there is an inference of a substantial probability of danger. *See Doe*, 63 F.3d at 130 ("[A] district court has broad discretion as to how it determines whether the movant has shown a substantial probability of danger."). The mere fact that other potential informants have refused to assist law enforcement in pursuing this individual does not infer that Defendant is in physical danger for having collaborated with Officer Frye.

Furthermore, contrary to the informant in *Doe*, it does not appear from the testimony that Defendant was involved with a sophisticated criminal organization. *Id*. ("The problem of retaliatory acts against those producing adverse testimony is especially acute in the context of criminal organizations, such as the one in which Doe allegedly participated.").

Weighing Defendant's interests against the interest in having the material opened to the press and public, the Court **FINDS** that the balance weighs in favor of unsealing the materials in this case. As the court stated in *Raybould*,

> Few things would cause the public to be more suspicious of our system of criminal justice than to have secret proceedings that lead to special sentencing treatment for select criminal defendants. The public has a vital interest in knowing the details of deals made between the government and criminal defendants that accomplish, or have the potential to bring about, lower punishment than otherwise contemplated by law. If those aspects of a criminal case were to be kept secret, the public and the press would have reason to question the trustworthiness of the judicial process and whether judicial and prosecutorial abuses might be occurring.

130 F. Supp. 2d at 833.

Here, Defendant's term of imprisonment was reduced by slightly over fifty percent. In order to maintain "the trustworthiness of the judicial process" in this Court, the reasons for such a significant reduction should be made public. Moreover, the danger to which Defendant may be potentially exposed does not overcome that interest. Accordingly, given the facts in this case, the Court does not find enough justification to overcome the presumption of openness, and declines to continue to seal the materials based on the potential danger to Defendant or her family.

Defendant also argues that another compelling reason to seal is the existence of an ongoing criminal investigation. *See Hirsh*, 2007 U.S. Dist. LEXIS, at *9. Like in *Hirsh*, however, the Government does not join in Defendant's request. In fact, here, the Government objects to sealing the testimony transcript of Officer Frye. Without the Government's support, there is no reason to seal these documents on the basis of an ongoing criminal investigation. *See generally Buchanan*, 417 F.3d at 430-31 (requiring the court to consider the government's interest in continuing its investigation).

If the parties develop additional information justifying the sealing of this information, they may renew their motion(s).

### III. CONCLUSION

For the reasons stated above, the Court **DENIES WITHOUT PREJUDICE** the parties' motions to seal [Dockets 88 and 94] and **ORDERS** that the Government's Motion to Reduce Sentence Pursuant to Rule 35 [Docket 88-2], Memorandum in Support [Docket 94-2], and the transcript of Officer Frye's testimony be **UNSEALED** and **DOCKETED**.

Further, the Court **DIRECTS** the Clerk to send a copy of this Order to the Defendant and counsel, the United States Attorney, and the United States Probation Office.

                ENTER:      April 28, 2008

_____
THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE